UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILLIP HAUSKEN,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>SCOTT FRAKES,<br><br>　　　　　　　Respondent. | NO:  2:CV-14-00300-SMJ<br><br>ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING HABEAS PETITION |

Petitioner, a prisoner at the Monroe Correctional Complex - Special Offenders Unit, seeks to file *in forma pauperis* a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. Because it appears Petitioner lacks sufficient funds to prosecute this action, **IT IS ORDERED** that the District Court Executive shall file the Petition without payment of the filing fee.

　　　Petitioner brings this federal habeas action in an apparent attempt to challenge the dismissal of a previous lawsuit for failure to state a claim upon which relief may be granted, 2:13-cv-00259-JPH, and the requirement that he pay the

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING HABEAS PETITION -- 1

1  $350.00 filing fee for commencing that action in the Federal District Court.

2  Judgment was entered in that case on November 22, 2013.  *See* 2:13-cv-00259-

3  JPH, ECF No. 29.  By letter dated December 12, 2013, Mr. Hausken was

4  instructed that the Court would entertain no further correspondence from him other

5  than a timely Notice of Appeal.  *Id.*, ECF No. 32.   He did not file a Notice of

6  Appeal.

7       If a party wishes to challenge a judgment in a civil action, the appropriate

8  mechanism for doing so is an appeal to the Ninth Circuit Court of Appeals.

9  Plaintiff did not avail himself of this opportunity within the thirty days after

10  judgment was entered, and he would now be precluded from appealing the decision

11  in cause number 2:13-cv-00259-JPH.

12       In this habeas action, Mr. Hausken continues to seek monetary damages for

13  the loss of his address book.  Once again, an unauthorized intentional or negligent

14  deprivation of property by a state employee or official does not constitute a due

15  process violation under the Fourteenth Amendment if an adequate post-deprivation

16  remedy is available under state law. *Hudson v. Palmer*, 468 U.S. 517, 534 (1984).

17  Under Washington law, prisoners may pursue a state tort claim for the unlawful

18  loss or destruction of their personal property. *See* RCW 4.92.090 .  Because

19  Washington law provides Plaintiff an adequate remedy for the deprivation of his

20

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND
DISMISSING HABEAS PETITION -- 2

property, he has once again failed to state a claim upon which relief may be granted.

For a prisoner who is not challenging the legality or duration of his confinement on constitutional grounds, a petition for writ of habeas corpus is not the proper mechanism for obtaining relief. *See Crawford v. Bell*, 599 F.2d 890 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("The 'essence of habeas corpus is an attack by a person in custody upon the legality of that custody,' and 'the traditional function of the writ is to secure release from illegal custody.' "). Therefore, **IT IS ORDERED** this habeas action is **DISMISSED with prejudice** as Petitioner is not entitled to the relief he seeks in this Court. *See* Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.

**IT IS FURTHER ORDERED** all pending motions are **DENIED as moot.**

**IT IS SO ORDERED.** The District Court Executive shall enter this Order, forward a copy to Petitioner and enter judgment. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this 9th day of October 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING HABEAS PETITION -- 3